IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HADDRICK BYRD,** | : | Civil No. 1:19-CV-59 |
| **Plaintiff,** | : | |
| v. | : | |
| **SUPERINTENDENT BRITTAIN, et al.,** | : | |
| **Defendants.** | : | Judge Sylvia H. Rambo |

## MEMORANDUM

Before the court are the objections (Doc. 29) filed by Plaintiff Haddrick Byrd ("Plaintiff" or "Mr. Byrd") to the report and recommendation ("R&R") submitted by United States Magistrate Judge Karoline Mehalchick (Doc. 28) concerning the motion to dismiss for failure to state a claim (Doc. 15) filed by Defendants. For the reasons outlined below, the court shall adopt the R&R in part and grant one of Plaintiff's objections.

### I. BACKGROUND

Mr. Byrd is a *pro se* plaintiff currently imprisoned at the State Correctional Institution at Frackville, who has filed a lawsuit against multiple officials at his prison for three primary groups of offenses. First, Mr. Byrd alleges he is Muslim, prays according to a regular Muslim prayer schedule, and possesses a genuine Islamic belief that whistling precludes one from praying properly. According to Mr. Byrd, Correction Officer Chandler ("C/O Chandler") has been whistling regularly

1

during Mr. Byrd's prayers to intentionally disrupt them. Mr. Byrd alleges he filed several grievances against C/O Chandler to no effect. Mr. Byrd has thus brought a First Amendment religious expression claim against C/O Chandler, as well as the individuals who reviewed Mr. Byrd's grievances, including Lieutenant Comisac, Superintendent Brittain, and Chief Grievance Officer Dorina Varner ("Grievance Officials"). He seeks injunctive relief and monetary damages. Second, Mr. Byrd alleges that C/O Chandler retaliated against him for filing his grievances. Third, Mr. Byrd alleges C/O Warford served him poisoned food. He thus has brought an Eighth Amendment claim against C/O Warford and others who were allegedly aware of the poisoning.

Defendants collectively moved to dismiss Plaintiff's claims under Federal Rules of Civil Procedure 12(b)(6), 8, and 20, arguing Plaintiff failed to state a claim and that, insofar as he did state a claim, the claims are improperly joined together because they do not share a common set of facts or law. The motion was briefed and referred to Judge Mehalchick. She thus issued an R&R recommending the motion be granted on 12(b)(6) grounds regarding all claims except for Mr. Byrd's request for injunctive relief that C/O Chandler stop whistling so he can pray properly. Plaintiff timely filed his objections. The court now examines each in turn.

## II. **DISCUSSION**

Plaintiff's first objection is that the R&R erred in recommending dismissal of his retaliation claim. As the R&R correctly explains, a Plaintiff asserting the government retaliated against him for the exercise of his constitutional rights must allege that the retaliatory action was actually taken in response to the exercise of his rights and was sufficiently adverse to deter a reasonable person from exercising that right in the future. Axiomatically, only actions taken after a person exercises (or expresses their intent to exercise) their protected right can be retaliatory. Here, the only two new actions allegedly taking place after Plaintiff filed his grievance are: (1) C/O Chandler taunting Plaintiff with laughter once; and (2) C/O Chandler intentionally refusing to deliver one of Plaintiff's commissary slips. Even viewed together, this conduct is insufficient to deter a reasonable person from exercising their constitutional rights and thus cannot be construed as an "adverse action" under Third Circuit law as laid out in the R&R. Plaintiff has thus failed to state a claim for retaliation.

Plaintiff's second objection is that the R&R correctly permitted Mr. Byrd's religious expression claim to go forward against C/O Chandler but erred in dismissing the Grievance Officials. The court finds this objection meritorious.

The R&R stated that Mr. Byrd properly alleged a First Amendment religious expression claim. The R&R correctly stated that a party can only be liable for a

Section 1983 claim if they directly participated in or had actual knowledge of the constitutional offense and acquiesced in it. Mr. Byrd has not alleged that the Grievance Officials participated in whistling at him, so his claim against them can only succeed if they had actual knowledge of and acquiesced in C/O Chandler's whistling.

Here, Mr. Byrd has alleged that he filed a complaint regarding C/O Chandler's ongoing practice—pre- and post-dating his original grievances—of whistling during Mr. Byrd's prayers, thus bringing the issue to the attention of the Grievance Officials. He has also alleged that Superintendent Brittain in fact admitted she was aware of the whistling and the fact that it was genuinely disrupting Mr. Byrd's Muslim prayer practice. (*See* Doc. 1, ¶¶ 30-32.) The R&R found this was insufficient to trigger liability, implying that, as a matter of law, a prisoner's grievance complaint cannot give rise to a supervisor's actual knowledge of a constitutional violation. Because this mischaracterizes the law, the court will grant Plaintiff's objection.

The R&R is correct that a complaint about a past constitutional offense is insufficient to show the people reviewing the grievance had actual knowledge of or participated in the past violation. *See Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (holding supervisors were not personally involved in medical mistreatment because complaint was filed after the mistreatment). That being said,

4

"several courts have concluded that a supervisory official may be held liable stemming from the review of a grievance alleging an ***ongoing*** violation." *Sears v. Mooney*, No. 1:17-CV-50, 2019 WL 6726839, at *6 (M.D. Pa. Dec. 11, 2019) (emphasis supplied). As the Northern District of New York has explained:

> It appears that the distinction is whether the supervisory official is confronted with an alleged violation that has ended or whether he is confronted with a continuing violation. It has been held that an appropriate guiding principle for determining personal responsibility is where a grievance alleges an ongoing constitutional violation, the supervisory official who reviews the grievance is personally involved if he is confronted with a situation that he can remedy directly. If the official is confronted with a violation that has already occurred and is not ongoing, then the official will not be found personally responsible for failing to remedy a violation.

*Harnett v. Barr*, 538 F. Supp. 2d 511, 524-25 (N.D.N.Y. 2008) (internal citations and quotations omitted); *see also Romero v. Folino*, No. 13-cv-0691, 2014 WL 710025, at *7 (W.D. Pa. Feb. 25, 2014) (citing *Harnett* as good law and denying 12(b)(6)); *Carter v. Smith*, No. 08-cv-279, 2009 WL 3088428, at *6 (E.D. Pa. Sept. 22, 2009); *Gibbs v. Univ. Correctional Healthcare*, No. 14-cv-7138, 2016 WL 6595916, at *2 (D.N.J. Nov. 7, 2016).[1]

---

[1] One case has held that *Harnett* is "unpersuasive because it simply applied the wrong standard, namely the 'no set of facts standard' that [*Twombly*] had already overruled." *Riley v. Muhammad*, No. 14-cv-547, 2016 WL 2848994, at *2 (W.D. Pa. Apr. 4, 2016). But courts after *Twombly* regularly hold that a *pro se* plaintiff's complaint is held to a less stringent standard than a complaint drafted by counsel, thus justifying the continued application of the "no set of facts" standard. *See Eaton v. Dennis*, No. 3:17-cv-01863, 2018 WL 2977382, at *1 (D. Or. June 13, 2018) ("Dismissal of a pro se complaint for failure to state a claim 'is proper only if it is clear that

As applied here, Mr. Byrd's complaints to the Grievance Officials caused them to become aware of C/O Chandler's practice and the fact that it was disturbing Mr. Byrd's prayers; thus, they acquired actual knowledge of the offense and potentially acquiesced to its continuance by failing to intervene. Whether this is true will require discovery. The court will thus permit Mr. Byrd's claims against the Grievance Officials to proceed at this stage.

The R&R also recommended Mr. Byrd's damages claims be dismissed, likely as an extension of finding the figures of authority could not be held liable for C/O Chandler's conduct. Because the court finds Byrd has properly pleaded that the Grievance Officials had actual knowledge of and acquiesced in C/O Chandler's conduct, the court will also permit Mr. Byrd to move forward with his claim for money damages.

The third objection is that Plaintiff properly pleaded his Eighth Amendment violation claim. The nature of Plaintiff's claim, however, is unclear. Plaintiff states that "<u>No where [sic] in Plaintiff's complaint does he allege that CO Warford intentionally poisoned the food tray, this is a mischaracterization by the Magistrate Judge,</u>" but also argues that he is alleging he was "maliciously" poisoned and that

---

the plaintiff cannot prove any set of facts in support of the claim that would entitled [them] to relief.'") (quoting *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012)); *Parker v. N.Y. State Div. of Parole*, No. 04-cv-03901, 2017 WL 3600420, at *3 (S.D.N.Y. Aug. 18, 2017); *Tuck v. City of Gardiner Police Dep't*, No. 1:18-cv-212, 2019 WL 615356, at *1 (D. Me. Feb. 13, 2019).

several facts suggest C/O Warford hid his food tray from the view of cameras so he could poison it. (Doc. 28, p. 8 (underlining in original).) If he has merely pleaded he was poisoned as a result of an isolated accident, his claim will fail, but if he is alleging someone intentionally poisoned him—and can allege adequate facts to support this theory—then his claim may survive 12(b)(6). *See Thompson v. Cmlth. of Va.*, 878 F.3d 89, 102 (4th Cir. 2017) ("[F]rom Supreme Court precedent [] the Eighth Amendment prohibits such malicious acts of violence or intentional endangerment.").[2] He thus might be able to replead the claim and survive the motion to dismiss.

Should he seek to do so, however, a Rule 20 problem may emerge. Under Federal Rule of Civil Procedure 20(a)(2), a plaintiff can only file a lawsuit joining together claims against multiple defendants that share a common set of facts or questions of law to be decided. As laid out in Defendants' motion to dismiss, because Plaintiff's food poisoning and religious expression claims do not appear to arise out of any common set of facts, and are asserted against some separate defendants, they likely would need to be dismissed under Rule 20. Plaintiff did not respond to this argument in his briefing. As such, the court will grant the motion to dismiss regarding Plaintiff's Eighth Amendment claim without prejudice to filing a

---

[2] The issue of whether a single instance of intentional poisoning can survive an Eighth Amendment violation, whereas a single accidental instance could not, has not been briefed, so the court takes no position other than to say it is at least a colorable legal argument.

7

*separate* lawsuit—alleging a more clear and factually-detailed claim—regarding his food poisoning complaint.

Finally, Plaintiff's fourth objection is that other individuals are liable for the underlying Eighth Amendment violation. Because the court agrees with the R&R that there is no underlying Eighth Amendment violation, the supervisors cannot be liable for any such offense.

### III. <u>CONCLUSION</u>

For the reasons laid out above, the court shall grant the motion to dismiss in part, dismissing Plaintiff's Eighth Amendment claims against all defendants, with leave to re-file such a claim—with more well-pleaded allegations—in a separate lawsuit. The court also grants the motion to dismiss regarding Plaintiff's retaliation claim, dismissing that claim without prejudice to replead. The court denies the motion on all other bases. An appropriate order shall follow.

*/s/ Sylvia H. Rambo*
Judge Sylvia H. Rambo
United States District Judge

Date: January 15, 2020